ZINSSER et al. v. KRUEGER.

*(Circuit Court of Appeals, Third Circuit.  November 18, 1891.)*

1. PATENTS FOR INVENTIONS—ANTICIPATION—AERATING BEER.
   Reissued letters patent No. 9,129, issued March 23, 1880, to William Zinsser and August Zinsser, as assignees of F. C. Musgiller and Robert W. Schedler, for an improved method of charging beer and other liquids with bicarbonate of soda or other alkali, by mixing the same with a proper cement and compressing it into lumps which will at once sink to the bottom of the vessel, and thus give off the acid gradually to the whole body of liquid above them, are void because of anticipation by various English and French patents for aerating different liquids with gas producing salts compressed into lumps.

2. SAME—APPLICATION OF OLD PROCESS TO NEW PURPOSE.
   The fact that the anticipating processes were used in treating water or neutral liquids, while the patent was for treating beer and similar liquids, is immaterial, as this was merely applying an old process to a new, but analogous, subject.
   45 Fed. Rep. 572, affirmed.

In Equity.

Suit by William Zinsser and August Zinsser against Gottfried Krueger for infringement of patent. Decree declaring the patent void because of anticipation and dismissing the bill. 45 Fed. Rep. 572. Plaintiffs appeal. Affirmed.

*A. v. Breisen,* for appellants.

*Joseph M. Deuel,* for appellee.
Before ACHESON and WALES, JJ.

WALES, J. This is a suit in equity, brought in the circuit court of the United States for the district of New Jersey, by William Zinsser and August Zinsser against Gottfried Krueger, for the infringement of reissued letters patent No. 9,129, dated March 23, 1880, and granted to complainants, as assignees of F. C. Musgiller and Robert W. Schedler, "for a new and useful improvement in treating beer and other liquids." The specification and claims are as follows:

"The invention consists in treating beer and other liquids of a similar nature with lumps of bicarbonate of soda or of other alkali, said lumps being compacted by means of a suitable cement, so that they are heavy enough to at once drop through the liquid to be treated upon the bottom of the vessel containing the liquid. The carbonic acid evolved from said lumps is thus compelled to permeate the entire column of liquid above it, and at the same time to give up the requisite quantity of alkaline matter. Together with the lumps of bicarbonates of alkali may be used lumps of tartaric or other suitable acid, compacted in the same manner as the lumps of bicarbonate of alkali, so that the amount of carbonic acid evolved from the latter can be easily controlled. It is a common practice with brewers and others to use bicarbonate of soda, either alone or together with tartaric acid, in the manufacture of beer, sparkling wines, and other effervescent liquids, for the purpose of increasing the life of such liquids. The mode of applying such article or articles by brewers, for instance, is to apply about one ounce of the bicarbonate of soda to each quarter barrel with a table-spoon, the bicarbonate being in the form of a powder. The powder, on being thrown into a barrel of beer, will at first float on the surface of the liquid, and immediately evolve carbonic acid, a large portion of which is lost, together with the beer which is thrown out by the action of the acid before the barrel can be closed with a bung. Besides this, the operation of filling barrels is carried on in a great hurry, and a large quantity of the bicarbonate of soda handled with a spoon is spilled over the barrel and wasted. Like effects occur in the use of tartaric acid in crystals when applied together with powdered bicarbonate of soda. These disadvantages we have obviated by preparing the bicarbonate of soda or of other alkali and the acid in solid lumps, of such weight that the lumps at once drop through the liquid upon the bottom of the vessel, and give off the carbonic acid to the entire column of liquid, and not only, as heretofore, to the upper stratum. These lumps we produce by mixing powdered bicarbonate of alkali with a suitable cement, such as a solution of dextrine, and then compressing the same in molds of suitable size and shape. Lumps of acid are made in like manner. The advantages of using the bicarbonate of alkali, either alone or in connection with acid in this shape, is perceptible at once. The lumps, being in a compact form, when dropped into a barrel filled with beer, ale, or other liquid, will at once sink to the bottom, and the carbonic acid evolved from them is forced to stay in the liquid. The barrel can be easily closed with a bung, without losing a particle of carbonic acid or of beer, and the said lumps can be introduced into the barrel without any waste. Besides this, the weight or size of our lumps is so gauged that each barrel will receive the exact quantity of bicarbonate of alkali and of acid required, and that the liquid in a number of barrels, after having been treated with the bicarbonate of alkali, with or without acid, will be of uniform quality.

"What we claim as new, and desire to secure by letters patent, is the process of charging beer and other liquids of a similar nature with carbonic acid,

by dropping into and through the liquid lumps of bicarbonate of soda or other alkali, thereby causing the acid discharged from the lumps to pass through the entire column of liquid, substantially as specified."

The bill alleges infringement, and states that the validity of the patent has been already sustained by a decree of the circuit court for the district of New Jersey in a former suit by these same complainants against Alois Kremer, (39 Fed. Rep. 111.) The answer denies novelty of invention, and claims that, since the former suit and decree against Kremer, new evidence has been discovered which proves that the invention described in the foregoing specification had been anticipated by English and French inventors. After hearing the proofs and arguments of counsel, the bill was dismissed, on the ground of priority of invention, (45 Fed. Rep. 572,) and the complainants have appealed to this court.

The use of bicarbonate of soda in the treatment of beer was not new at the date of the application for the original patent, on October 20, 1875. Before that time the bicarbonate had been used by brewers in the form of a powder, and the only novel feature of its use, described in the specification, is the conversion of the powder into lumps, which are introduced into the barrel through the bung-hole. The effect produced in the beer is the same whether the alkali is used in a powdered or in a compressed form, nor will the taste of the beer indicate which form has been adopted in treating any particular barrel. As explained by Mr. Griffin, a chemical expert and a witness for the defendant, the patented process begins with the dropping of lumps into the liquid. When the lump is dropped and the vessel closed the process is ended. The result is the evolution of gas, which is dissolved by the liquid. So, also, powder is dropped from a spoon, and the result is identical. The only difference is that the solution of the powder and the consequent evolution of gas in the latter case are more rapid, so that it is desirable to close the vessel at once, if all the gas is to be confined. "Solids dissolve more slowly than powders. That is all there is to it." The object of the patentees was to retard the solution of the alkali, thereby preventing a too sudden effervescence, and so retain the gas and the beer in the barrel without any loss of either. The defendant has used the bicarbonate of soda in lumps, or in a compact form, in the treatment of beer; and the only question now to be considered is whether this mode of using the alkali was original with the complainants, or their assignors, in view of the state of the art at and before the date of their patent. And on this point the evidence appears to be conclusive. English patent No. 568, dated March 1, 1860, granted to William Bush, describes a method of granulating the components of Seidlitz mixtures, by which bicarbonate of soda and tartaric acid were formed into artificial granules or lumps, for the purpose of solution in water, evolving carbonic acid gas. The advantage of such granulation in retarding the solution of the salts, and the consequent slow evolution of gas, is mentioned and described in Dingler Polytechnic Journal, (volume 170, p. 314,) published in 1863, in which the writer says that the objection of a too rapid effervescence of the salts may be overcome by converting the powder into lumps, taking the form of coarse-grained

powder. English letters patent No. 910, dated November 29, 1852, were granted Barse & Gage for "improvements in apparatus for manufacturing soda-water and other aerated liquids, and likewise in the preparation of substances employed therein." Barse & Gage converted the acid and bicarbonate powders into "a paste by a mucilage of gum," which is then compressed into cylinders of different shapes, so as to distinguish the acid from the alkali. The cylinders were graduated by weight, "in proportion to the quantity of gas to be produced," and in size depending upon the diameter of the holes through which they were to be dropped. The advantages are specified by "the solid appearance in the shape of a pencil given to the salts which are to produce the gas, and which in other apparatus are used in a powder."

The complainants' specification shows their mode of preparing the lumps, as follows:

"These lumps we produce by mixing powdered bicarbonate of alkali with a suitable cement, such as a solution of dextrine, and then compressing the same in moulds of suitable size and shape. The lumps of acid are made in like manner."

English letters No. 1,609, dated June 26, 1863, issued to William Clark for "improvements in apparatus for aerating liquids," under the head of "gaseous lemonades," describe a process of charging lemonade with carbonic acid gas by the use of pastilles, lozenges, or drops, composed of bicarbonate of soda, citric or tartaric acids, and sugar, in various proportions. French letters No. 595,527, dated July 23, 1863, issued to Le Pedriel, describe the patentee's mode of granulating the salts employed for making gaseous waters. English letters patent No. 3,160, dated October 24, 1872, were granted to William Cooper for "improvements in preparing and making up medicated and other effervescing mixtures," and show a method of making an effervescent mixture from a carbonate of a suitable alkali with an acid salt, and adding sugar, the whole being then compressed in suitable dies to form solid lozenges. French letters No. 58,807, dated May 28, 1863, were granted to Defourmentel and Pore for making gaseous waters. The invention in that patent consists in the creation of a solid body composed of bicarbonate of soda and melted sulphate of alumina, the latter being an economical substitute for iartaric acid. This solid body, placed in one of the gasogenous apparatus, then in general use, evolves, under the action of water, the carbonic acid necessary for producing gaseous water. This solid body is made in the form of a cartridge, and a single cartridge is sufficient for charging the apparatus described. One or two other patents are exhibited in the defendant's evidence to prove the state of the art prior to the date of the patent now in suit, but those referred to above will suffice for the purpose; and these show that the complainants' assignors, although they may have been ignorant of the prior patents, were in fact not the first and original inventors of a mode of converting the bicarbonate of soda, either with or without an acid, into a solid lump or cartridge, for convenient handling in dropping the same into barrels or other vessels. It may be true that they were the first to successfully apply the mode of

using the alkali by introducing it into a barrel of beer in the manner described in their specification, but it is quite certain that the same form of use was previously known and had been adopted in charging neutral liquids. It must be observed that none of the exhibits above referred to were before the court in the *Kremer Case.*

To avoid the effect of this proof, the complainants' counsel insisted that "the defendant seeks to invalidate a process which serves to neutralize an acidulated liquid, such as beer, by showing it to be old to acidulate and medicate neutral liquids, such as water." This distinction does not affect the question of priority of invention in the present case. The treatment of beer by bicarbonate of soda, used in the form of a powder, was well known; and the issue here is whether the conversion of the powder, by compression, into lumps, granules, or cartridges of suitable size and weight, was new. The proof is clear that it was not. The complainants do nothing more than apply the lumps or cartridges to beer instead of to water, and thus adopt an old form or method of applying the alkali, without any novelty in the mode of its application; and this, it has been frequently decided, will not sustain a patent, even if the new form of result has not been before contemplated. *Pennsylvania R. Co.* v. *Locomotive, etc., Truck Co.,* 110 U. S. 490, 4 Sup. Ct. Rep. 220. There is no error in the decree of the circuit court, and it is therefore affirmed.